IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID EUGENE SINQUEFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  2:11-cv-3873-JHH-PWG |
| | ) |
| GARY HETZEL, Warden, and | ) |
| THE ATTORNEY GENERAL OF | ) |
| THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. It is brought by David Eugene Sinquefield, an Alabama state prisoner acting *pro se*. (*See* Doc.[1] 1 ("Petition" or "Pet.")). He is confined at the Easterling Correctional Facility in Clio, Alabama. The magistrate judge has entered a report and a recommendation that the action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3) because the petition is successive. (Doc. 4). The cause is now before the court on Sinquefield's objections to the magistrate judge's report and recommendation. (Doc. 5).

Sinquefield challenges his 60-year sentence imposed on May 17, 2001 by the Circuit Court of Calhoun County, Alabama, following his conviction at trial for rape in the first degree. (Pet. ¶¶ 1-7). As detailed in the report and recommendation, Sinquefield has previously challenged that same conviction in more than one § 2254 petition. Sinquefield argues that his instant petition is not a second or successive application for purposes of 28 U.S.C. § 2244(b)(3) because his first § 2254 application was dismissed without prejudice for failing to exhaust available state remedies. *See Sinquefield v. Mosely*, 1:02-cv-

---

[1] References herein to "Doc. __" are to the document numbers assigned by the clerk to the pleadings and other documents filed in this action, as reflected on the docket sheet.

3004-JHH-PWG, Doc. 25 (N.D. Ala. April 4, 2003). He is correct that such a dismissal means that his petition in that case did not "count" as a "first" § 2254 application for purposes of § 2244(b)(3). *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). However, Sinquefield later filed another § 2254 petition challenging the same rape conviction, and that application was dismissed with prejudice on the grounds that it was untimely under 28 U.S.C. § 2244(d)(1). *See Sinquefiled v. Mosely*, 1:03-cv-2383-CLS-PWG, Doc. 9 (N.D. Ala. October 3, 2003). Such a dismissal does constitute a decision on the merits for purposes of second and successive § 2254 applications under 28 U.S.C. § 2244(b). *See Jordan v. Secretary, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007); *In re Hutcherson*, 468 F.3d 747, 748 (11th Cir. 2006) (per curiam); *see also Carter v. United States*, 405 Fed. App'x 409, 410 (11th Cir. Dec. 14, 2010). Therefore, Sinquefield's instant § 2254 is a second or successive application that this court cannot hear because Sinquefield has not obtained an authorizing order from the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See Tomkins v. Secretary, Dep't of Corr.*, 557 F.3d 1257, 1258 (11th Cir. 2009) (per curiam).

Having carefully reviewed and considered de novo all the materials in the court file, including the findings and recommendation and the objection filed by the petitioner, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the petition for writ of habeas corpus is due to be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction under 28 U.S.C. § 2244(b)(3). A Final Judgment will be entered.

As to the foregoing it is SO ORDERED this the 30th day of November, 2011.

_____
JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE